UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYESHAWN D. COHENS,

    Petitioner,

v.                                                        Case No. 05-C-520

WILLIAM POLLARD,
Warden, Green Bay Correctional Institution,

    Respondent.

**ORDER ON RULE 4 REVIEW**

On May 10, 2005, the petitioner, Tyeshawn D. Cohens ("Cohens"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition, Cohens was convicted on March 18, 2002, in the Eau Claire County Circuit Court, Eau Claire, Wisconsin, of possession of cocaine with intent to deliver, and delivering cocaine, all in violation of Wis. Stat. § 961.41. Cohens was sentenced on March 18, 2002, but after a successful postconviction motion, was resentenced on May 13, 2004. Cohens received a sentence of 17 years imprisonment and 10 years of extended supervision on the possession count and 10 years imprisonment and 5 years of extended supervision on the delivery count. Cohen appealed his conviction and the Wisconsin Court of Appeals affirmed. The Wisconsin Supreme Court denied Cohens' petition for review on May 12, 2004.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states, inter alia, that:

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say that it plainly appears from Cohens' petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition. Furthermore, since Cohens has already filed a brief in support of his petition, the following briefing schedule will thereafter govern the processing of this matter.

**NOW THEREFORE IT IS ORDERED** that <u>on or before July 1, 2005</u>, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that <u>on or before August 15, 2005</u>, the respondent shall file a brief in response to the petitioner's brief;

**IT IS FURTHER ORDERED** that the petitioner shall file any reply brief <u>on or before September 15, 2005</u>.

**SO ORDERED** this <u>12th</u> day of May 2005, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge