UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYESHAWN D. COHENS,

        Petitioner,

        v.                                        Case No. 05-C-520

CATHERINE J. FARREY[1],

        Respondent.

**ORDER ON MOTION TO TRANSFER PETITION AND ON MOTION TO STAY**

        The petitioner, Tyeshawn D. Cohens ("Cohens"), filed a habeas petition along with a brief in support of the petition on May 10, 2005. At that time Cohens alleged (and the respondent does not now dispute) that he was incarcerated at the Green Bay Correctional Institution. This court issued its Order on Rule 4 Review along with a briefing schedule on May 12, 2005. According to that briefing schedule, the respondent was to file her brief in opposition to the petition by August 15, 2005. Instead, on August 12, 2005, the respondent filed a motion to transfer the petition to the United States District Court for the Western District of Wisconsin and a motion to stay the time for filing her brief in response to the petition pending the disposition of her motion to transfer.

        In her brief in support of the motion to transfer, the respondent states that Cohens was transferred to New Lisbon Correctional Institution, which is located in Juneau County, on August

---

[1] The court hereby substitutes Catherine J. Farrey, the Warden of New Lisbon Correctional Institution, as the respondent in place of William Pollard. The respondent states that Cohens is currently incarcerated at New Lisbon Correctional Institution, and when a habeas petitioner is in prison, the warden is the proper respondent. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

2, 2005. The respondent argues that because Cohens is now incarcerated in Juneau County, which is within the Western District of Wisconsin, and was convicted by a state court sitting within the Western District (Eau Claire County Circuit Court), his petition should now be transferred to the United States District Court for the Western District of Wisconsin.

A habeas petitioner challenging a state conviction may file his petition in the district court for the district wherein he is in custody, or in the district court for the district in which he was convicted and sentenced. 28 U.S.C. § 2241(d). Because Cohens was in custody at the Green Bay Correctional Institution, which is within the Eastern District of Wisconsin, when his petition was filed, the petition was properly within this court's jurisdiction. Cohens' subsequent transfer to the New Lisbon Correctional Institution does not deprive this court of jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426 __, 124 S.Ct. 2711, 2721 (2004) ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

Indeed, the respondent does not argue that this court lacks jurisdiction, but instead argues that Cohens' petition should be transferred to the Western District "for convenience purposes, as well as in the interest of justice." (Resp't's Br. at 3.) When multiple district courts have concurrent jurisdiction in a habeas proceeding, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

In the present case, although the respondent argues that it would be more convenient for the case to proceed in the Western District, she has not provided any reason why this is so. The

2

respondent has not argued, for example, that an evidentiary hearing will be needed, and that the Western District is a more convenient forum for necessary witnesses. Nor has the respondent established that transferring the case would somehow be "in furtherance of justice." The only reason for transferring the case which the respondent has provided is that the petitioner is now incarcerated within the Western District and the court in which he was convicted sits within that district.

On the other hand, the processing of this case is already underway in this district. This court has already set a briefing schedule in this matter, and the petitioner has already filed his brief in support of his petition. Because in the court's opinion the respondent has not made a sufficient showing as to why the petition should be transferred to the Western District, her motion to transfer will be denied.

The respondent's motion to stay the time for filing her response brief will be denied as moot. However, the court will grant the respondent an extension until September 1, 2005 to file her brief, and the petitioner will then have until October 3, 2005 to file his reply brief.

**NOW THEREFORE IT IS ORDERED** that the respondent's motion to transfer the petitioner's habeas petition be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the respondent's motion to stay the time for filing her response brief be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the respondent shall file her brief in opposition to the petitioner's petition <u>on or before September 1, 2005</u>, and the petitioner shall file his reply brief <u>on or before October 3, 2005</u>.

3

**SO ORDERED** this 16th day of August 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

4