UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYESHAWN D. COHENS,

      Petitioner,

v.                                        Case No. 05-C-520

CATHERINE J. FARREY,

      Respondent.

**ORDER ON PETITIONER'S MOTION TO DISMISS PETITION WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, TO STAY PETITION AND PLACE PETITION IN ABEYANCE PENDING EXHAUSTION OF STATE COURT REMEDIES**

This action was commenced on May 5, 2005, when the petitioner, Tyeshawn D. Cohens ("Cohens"), filed his petition for a writ of habeas corpus. In accordance with the briefing schedule issued by this court, the parties have now briefed their respective positions on Cohens' petition. However, on September 1, 2005, before the parties' briefing was completed, and although represented by counsel, Cohens filed a pro se motion seeking to have his petition dismissed without prejudice, or in the alternative, stayed in abeyance so that Cohens could pursue further remedies in the Wisconsin state courts. Because Cohens was represented by counsel at that time, before taking any action on Cohens' pro se motion, this court ordered Cohens' counsel to inform the court how he wished to proceed.

Thereafter, on December 5, 2005, the court received a letter from Cohens stating that his attorney, Michael D. Mandelman, would no longer be representing him. On that same day Mandelman & Lawent, L.L.C. filed a motion to withdraw as counsel for Cohens. This court

conducted a hearing on Mandelman & Lawent, L.L.C.'s motion to withdraw on December 8, 2005. At the conclusion of that hearing, and for the reasons set forth on the record at that time, Mandelman & Lawent, L.L.C.'s motion to withdraw was granted.

In an order dated December 8, 2005, this court ordered the respondent, Catherine J. Farrey ("Farrey"), to respond to Cohens' motion to dismiss the petition without prejudice, or in the alternative, to stay the petition in abeyance. On January 18, 2006, the respondent filed her response. Farrey opposes a stay of Cohens' habeas corpus petition to allow him to return to state court to exhaust state court remedies on unexhausted claims. Citing *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), Farrey asserts that Cohens has failed to demonstrate good cause for his failure to exhaust his claims in state court. Thus, Farrey maintains that Cohens' habeas corpus petition should be dismissed without prejudice.

On the heels of the respondent's submission (although apparently before he had received a copy of the respondent's submission), Cohens filed his own "Response to Court's Order" on January 19, 2005. In his submission Cohens

> requests the Court's permission to file an Amended Petition, conditional upon the Court's Granting his Motion to stay Petition pending his state court exhaustion of issues raised in his § 974.06 Motion (Ineffective Assistance of Trial & Post-Conviction Counsel, Discovery Violations, Incorrect Jury Instruction) for New Trial are potentially meritorious because they raise claims based on violation of Cohens' rights under the U.S. Constitution the belated filing is solely the result of Attorney Mandelman's failure to pursue these novel issues in state court and are not the result of any intentionally dilatory litigation tactics.

(Pet'r's Resp. at 1-2.)

In *Rhines*, the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims,

2

to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected process. The Court ruled that a district court did have such discretion. In reaching its conclusion, the Court noted that in *Rose v. Lundy*, 455 U.S. 509 (1982), the Court had ruled that federal district courts may not adjudicate mixed petitions. However, at the time *Lundy* was decided there was no statute of limitations on the filing of federal habeas corpus petitions.

> The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan, supra*, at 181-182, 121 S.Ct. 2120.
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs out are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

*Rhines*, 125 S.Ct. at 1533-34. Thus, the Court found that a district court did have the discretion to

3

stay a mixed petition rather than dismiss it. However, the Court was quick to note that

> [s]tay and abeyance, if employed too frequently, has the potential to . . . frustrate[] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines,* 125 S.Ct. at 1534. Accordingly, the Court concluded that stay and abeyance should be available "only in limited circumstances." *Id*. at 1535.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id*.

Technically, Cohens' currently pending habeas corpus petition is not a mixed petition. This is because the claims which are set forth in such petition have been exhausted in state court. What Cohens really seeks is leave to present several new claims to the state court and then return to this court and seek to amend his habeas corpus petition to include such claims.

It was not until September 1, 2005, well after the expiration of the one-year limitation period

4

provided by 28 U.S.C. § 2244(d)(1)[1] and well after the briefing on his habeas petition had been underway, that Cohens sought pro se from this court a stay of any further action on his habeas petition so that he might exhaust certain unidentified claims (at least they were unidentified as of that point in time) in the state court. Nevertheless, given that Cohens is now proceeding pro se and given that the justification he gives for not previously pursuing these now more particularly-identified claims is his prior counsel's failure to pursue them, I believe that he has minimally shown good cause for his failure to exhaust those claims. Moreover, on the bare record before me I cannot say that such claims are "plainly meritless." *Rhines*, 125 S.Ct. at 1535. Nor can I say there is some indication that Cohens is engaging in "intentionally dilatory litigation tactics" *Id*.

Consequently, Cohens' motion will be granted in part. Specifically, the court will order that Cohens' petition for a writ of habeas corpus be stayed in abeyance until such time as Cohens has exhausted in Wisconsin state court those claims which he has asserted in his § 974.06 postconviction motion. The court will further order that within thirty (30) days after state court exhaustion is completed on such claims, Cohens shall file in this court a motion to amend his habeas corpus petition to include such claims. [2]

---

[1] The one-year statute of limitations on Cohens' federal habeas corpus petition expired on August 10, 2005. This is because on May 12, 2004, the Wisconsin Supreme Court denied Cohens' petition for review and Cohens did not file with the United States Supreme Court a petition for certiorari. Cohens' last day to petition the Supreme Court for certiorari was August 10, 2004, and the one year statute of limitations therefore began to run on that day. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir.2002). According to Cohens' motion to dismiss, he filed his postconviction motion in state court on August 9, 2005, i.e., one day before the one-year statute of limitations under section 2244(d)(1) would have expired.

[2] Were this court to grant Cohens' alternative request (which the respondent would like me to do) and dismiss the petition without prejudice, Cohens would likely not be able to refile his federal habeas petition in timely fashion, given that one day remained under section 2244(d)(1) when Cohens filed

**NOW THEREFORE IT IS ORDERED** that Cohens' motion to dismiss without prejudice his federal habeas corpus petition or, in the alternative, for an order that the processing of such petition be stayed and placed in abeyance be and hereby is **GRANTED IN PART AND DENIED IN PART;**

**IT IS FURTHER ORDERED** that Cohens' petition for a writ of habeas corpus be and hereby is **STAYED IN ABEYANCE** until such time as Cohens has exhausted in Wisconsin state court those claims which he has asserted in his § 974.06 postconviction motion;

**IT IS FURTHER ORDERED** that within thirty (30) days after state court exhaustion is completed on such claims, Cohens shall file in this court a motion to amend his habeas corpus petition to include such claims.

**SO ORDERED** this 20th day of January 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

his postconviction motion on August 9, 2005. (Recall that, although a postconviction motion filed in state court tolls the running of the limitations period under section 2244(d)(1), the filing of a federal habeas corpus petition does not. *Duncan v. Walker*, 533 U.S. 167, 181 (2001).)